Lindsay Hutner – SBN 238998
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
Lindsay.Hutner@gtlaw.com

Timothy J. Long – SBN 137591
Samuel S. Hyde – SBN 327065
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
longt@gtlaw.com
hydes@gtlaw.com

Matthew J. Weber – SBN 318097
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Matthew.Weber@gtlaw.com

Attorneys for Defendants
AMAZON.COM, INC. AND AMAZON.COM
SERVICES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYENNE BERRY, on behalf of themselves and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, SERVICES LLC; AMAZON.COM, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES, LLC NOTICE OF REMOVAL OF CLASS ACTION**<br><br>**[28 U.S.C. §§ 1332, 1441, and 1446]**<br><br>*[Filed concurrently with Declarations of Zane Brown, Beth Rothenberger, Lindsay Hutner, Corporate Disclosure Statement, and Civil Case Cover Sheet]*<br><br>[Removed from Alameda County Superior Court – Case No. 23CV032667]<br><br>State Complaint Filed: May 5, 2023 |

1
NOTICE OF REMOVAL

ACTIVE 688851992v4

# Contents

I.    TIMELINESS OF REMOVAL ................................................................................................. 5

II.   REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332 (D) .................................... 6

    A.    The Putative Class Consists of More Than 100 Members ...................................... 7

    B.    The Parties are Diverse for Purposes of CAFA ...................................................... 7

        1.    Plaintiff's Citizenship ................................................................................. 8

        2.    Defendants' Citizenship .............................................................................. 8

    C.    The Amount in Controversy Exceeds $5 Million ................................................... 9

III.  THE COURT HAS JURISDICTION AND REMOVAL IS PROPER .......................... 13

# TABLE OF AUTHORITIES

## Cases

*Arias v. Residence Inn by Marriott*
   936 F.3d 920 (9th Cir. 2019) ................................................................................... 9, 10

*Campbell v. Vitran Exp., Inc.*
   471 F. App'x 646 (9th Cir. 2012) ................................................................................. 10

*Crummie v. CertifiedSafety, Inc.*
   2017 WL 4544747 (N.D. Cal. Oct. 11, 2017) ............................................................... 11

*Dart Cherokee Basin Operating Co. v. Owens*
   574 U.S. 81 (2014) ..................................................................................................... 9, 10

*Francisco v. Emeritus Corp.*
   2017 WL 2541401 (C.D. Cal. June 12, 2017) ................................................................ 1

*Johnson v. Columbia Props. Anchorage, LP*
   437 F.3d 894 (9th Cir. 2006) .......................................................................................... 8

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................................... 10

*Korn v. Polo Ralph Lauren Corp.*
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ..................................................................... 9, 10

*LaCross v. Knight Transp. Inc.*
   775 F.3d 1200 (9th Cir. 2015) ........................................................................................ 9

*Lew v. Moss*
   797 F.2d 747 (9th Cir. 1986) .......................................................................................... 8

*Lewis v. Verizon Commc'ns, Inc.*
   627 F.3d 395 (9th Cir. 2010) ..................................................................................... 5, 9

*Mamika v. Barca*
   68 Cal. App. 4th 487 (1998) ......................................................................................... 11

*Marentes v. Key Energy Servs. Cal., Inc.*
   2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ................................................................. 11

*Mondragon v. Capital One Auto Fin.*
   736 F.3d 880 (9th Cir. 2013) .......................................................................................... 8

*Rippee v. Boston Mkt. Corp.*
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ....................................................................... 9, 10

*Roth v. CHA Hollywood Med. Ctr., L.P.*
   720 F.3d 1121 (9th Cir. 2013) ........................................................................................ 6

*Salter v. Quality Carriers, Inc.*
   974 F.3d 959 (9th Cir. 2020) ..................................................................................... 9, 10

*Std. Fire Ins. v. Knowles*
   568 U.S. 588 (2013) ...................................................................................................... 10

*Tajonar v. Echosphere, L.L.C.*
   2015 WL 4064642 (S.D. Cal. July 2, 2015) ................................................................. 11

**Statutes**

28 U.S.C. 1332 .................................................................................................................. passim

28 U.S.C. 1453 ................................................................................................................ 5, 6, 13

28 U.S.C. 1711 ............................................................................................................................ 5

Cal. Bus. & Prof. Code 17200 ................................................................................................... 6

Cal. Code Civ. Proc. 382 ........................................................................................................... 6

Cal. Code Regs 11070 ................................................................................................................ 6

Cal. Labor Code 1194 ................................................................................................................ 6

Cal. Labor Code 1197 ................................................................................................................ 6

Cal. Labor Code 201 ...................................................................................................... 6, 11, 12

Cal. Labor Code 203 ...................................................................................................... 6, 11, 12

Cal. Labor Code 226 ................................................................................................................. 6

Cal. Labor Code 2698 ......................................................................................................... 6, 11

Fed. R. Civ. P. 6 ......................................................................................................................... 6

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Amazon.com, Inc., and Amazon.com Services LLC, (together, "Amazon" or "Defendants") file this Notice of Removal ("Notice") pursuant to 28 U.S.C. sections 1332, 1453, and 1711 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California for the County of Alameda. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332 (d) because (1) Plaintiff's action is a class action, (2) Plaintiff seeks to represent more than 100 class members, and (3) Plaintiff's allegations place more than $5 Million in controversy, exclusive of interest and costs.[1]

## I. TIMELINESS OF REMOVAL

1. On May 5, 2023, Plaintiff Cheyenne Berry ("Plaintiff") filed a putative class action complaint ("Complaint") in the Superior Court of California for the County of Alameda ("State Court"), entitled *Cheyenne Berry, et al. v. Amazon.com Services, LLC, et al.*, Case No. 23CV032667 (the "State Court Action"). The Complaint also names Does 1 through 50 as defendants. A true and correct copy of the Complaint is attached as **Exhibit B ("Compl.")**.

2. Plaintiff purportedly served the Complaint on Amazon.com Services, LLC and Amazon.com, Inc. on June 14, 2023, and June 20, 2023, respectively. *See* Declaration of Lindsay Hutner ("Hutner Decl.") ¶ 7. No previous notice of removal has been filed or made with this Court. Because removability is not apparent from the face of the Complaint, the removal clock has not started to run. Still, Defendants may "remove outside the two thirty-

---

[1] This Notice of Removal relies on the nature and amount of damages that Plaintiff's Complaint places in controversy. Defendants refer to specific damage amounts and cite comparable cases solely to establish the amount in controversy exceeds the jurisdictional minimum. Defendants maintain that Plaintiff's claims lack merit and that Defendants are not liable to Plaintiff or any member of the putative class for any amount whatsoever. Indeed, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

day periods on the basis of [their] own information." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). In any event, this Notice of Removal is timely because it has been filed within 30 days of service. *See* 28 U.S.C. § 1446 (b); Fed. R. Civ. P. 6(a)(1)(C).

## II.   REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332 (d)

3.   Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this Action and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332 (d).

4.   CAFA applies to "any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332 (d)(8). This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure § 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332 (d)(1)(B); Compl. ¶ 25 ("Plaintiff brings this action, which may properly be maintained as a class action, under the provisions of California Code of Civil Procedure section 382…"); *see also* Compl. ¶ 23 ("Plaintiff brings this class action on behalf of herself and all other similarly situated non-exempt employees…").[2]

5.   The Complaint asserts the following causes of action: (1) Failure to Pay Minimum Wage (Cal. Lab. Code §§ 1194, 1197, and 1197.1); (2) Reporting Time Pay (Cal. Code Regs. tit. 8, § 11070 § 5); (3) Improper Wage Statements (Cal. Lab. Code § 226); (4) Wages Not Paid Upon Separation (Cal. Lab. Code §§ 201-203); (5) Failure to Provide Suitable Seating (Cal. Code Regs. tit. 8, § 11070 § 14); (6) Unfair Business Practices (Cal. Bus. & Prof. Code § 17200); and (7) Violation of Labor Code Section 2698, et seq. (Private Attorneys General Act ("PAGA")).

6.   The Complaint seeks, among other things, alleged unpaid wages, statutory penalties, and attorneys' fees and costs on behalf of Plaintiff and the putative class. *See*

---

[2] Defendants deny, and reserve the right to contest, *among other things*, Plaintiff's allegations that this lawsuit may properly proceed as a class action.

Compl., Prayer for Relief.

7. Under CAFA, removal is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332 (d), 1441.

8. Amazon denies Plaintiff's claims and denies that the Action may be certified as a class action. However, for the purposes of establishing removal under CAFA, Plaintiff's allegations identify a putative class of more than 100 members and put in controversy an amount that exceeds $5 Million in the aggregate.

**A.    The Putative Class Consists of More Than 100 Members**

9. Jurisdiction is proper under CAFA if the putative class contains at least 100 members. 28 U.S.C. § 1332 (d)(5)(B).

10. Plaintiff seeks to represent and certify the following putative class: "All individuals employed by Defendants as non-exempt former and current fulfillment center/warehouse worker employees, in the State of California, at any time within four years prior to the filing of this lawsuit until the present date." Compl. ¶ 23(a).

11. Amazon has employed at least 2,600 full-time, non-exempt employees at Amazon fulfillment centers and warehouses in California whose employment with Amazon ended between May 5, 2020 and June 14, 2023, which is three years prior to the filing of the Complaint. *See* Declaration of Beth Rothenberger ("Rothenberger Decl.") ¶ 3.

12. The estimate of putative class members whose employment was terminated during the statute of limitations period is conservative because it excludes non-exempt seasonal and part-time Amazon employees included in Plaintiff's class definition.

13. While Amazon denies that class treatment is permissible or appropriate here, the proposed class, as alleged, consists of over 100 members.

**B.    The Parties are Diverse for Purposes of CAFA**

ACTIVE 688851992v4

### 1. Plaintiff's Citizenship

14. For removal purposes, a person is a "citizen" of the state in which he or she is domiciled. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). For removal purposes, a party's residence is prima facie evidence of his or her domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885-86 (9th Cir. 2013); *Portillo v. Ford Motor Co.*, No. 2:22-cv-05356-MCS-JDE, 2022 WL 16550308 (C.D. Cal. Oct. 31, 2022).

15. Plaintiff alleges that she is a resident of Kern County, California, and was and is employed by Amazon in Kern County, California. *See* Compl. ¶ 4. While this allegation does not start the removal clock, for removal purposes, it is sufficient to establish that Plaintiff resides within the State of California. *See Mondragon*, 736 F.3d at 885 (stating that "a party with the burden of proving citizenship may rely on the presumption of continuing domicile [and] once established, a person's state of domicile continues unless rebutted with sufficient evidence of change").

### 2. Defendants' Citizenship

16. For diversity purposes, a corporation is a citizen of the State in which it is incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. Defendant Amazon.com, Inc. is incorporated in the State of Delaware, and has its principal place of business in Seattle, Washington. *See* Declaration of Zane Brown ("Brown Decl.") ¶ 3.

18. Defendant Amazon.com Services, LLC is a limited liability company organized under the laws of Delaware, and has its principal place of business in Seattle, Washington. *See id.* ¶ 4.

19. Defendant Amazon.com Services LLC's only member is Amazon.com Sales, Inc., which is wholly owned by Amazon.com, Inc. *Id.* ¶ 4. Defendants Amazon.com, Inc., and Amazon.com Services, LLC each have their headquarters, which constitute their nerve

center, in Washington, as their high-level officers oversee their activities from that location. *See id.* ¶¶ 3-4.

20.   Accordingly, because Plaintiff is deemed a citizen of California and both Amazon Defendants are deemed citizens of Delaware and Washington for purposes of 28 U.S.C. § 1332 (d), the Parties are adequately diverse. 28 U.S.C. § 1332(d)(2).

### C.   The Amount in Controversy Exceeds $5 Million

21.   CAFA requires that the amount in controversy in a class action exceed $5 Million, exclusive of interest and costs. 28 U.S.C. § 1332 (d)(2). In determining the amount in controversy, CAFA requires courts to aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

22.   This jurisdictional element concerns "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

23.   To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201–02 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 959 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (quotations and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or

questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, a plaintiff seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. v. Knowles*, 568 U.S. 588, 595–96 (2013).

24. Moreover, in assessing whether the amount-in-controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205 (citing *Rippee*, 408 F. Supp. 2d at 986).

25. Although Amazon denies that Plaintiff's claims have any merit, for the purposes of meeting the jurisdictional requirements for removal only, if Plaintiff were to prevail on every claim and allegation in her Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 Million.

26. Amazon reserves the right to present additional evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *Salter*, 974 F.3d at 959 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof" (quotations and citations omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924.

27. The Complaint alleges causes of action for (1) Failure to Pay Minimum Wage;

(2) Reporting Time Pay; (3) Improper Wage Statements; (4) Wages Not Paid Upon Separation; (5) Failure to Provide Suitable Seating; (6) Unfair Business Practices; and (7) Violation of Labor Code Section 2698, et seq. (PAGA). Plaintiff pursues the first six causes of action on behalf of the putative class.

28.     **Plaintiff's waiting time claim alone places at least $8.1 million in controversy.**

29.     Plaintiff alleges that she and other putative class members who ended their employment with Amazon during the three-year period prior to filing this Complaint—May 5, 2020 to present—are entitled to recovery of "waiting time penalties" pursuant to California Labor Code section 203. Compl. ¶ 51, 53.

30.     If an employer intentionally fails to pay all wages due to an employee at the time of termination, as required by California Labor Code section 201, or within 72 hours after resignation, as required by California Labor Code section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days. Cal. Lab. Code § 203.

31.     To calculate waiting time penalties, the employee's daily rate of pay is multiplied by a maximum of 30 days, depending on the length of delay in receipt of wages. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that waiting time penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015) (similar). Where final "wages [due] are alleged to have not been paid, the full thirty-days may be used for each of the putative class members" when estimating that amount in controversy under CAFA. *Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *see also Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747, at *3 (N.D. Cal. Oct. 11, 2017) (where a plaintiff alleges "putative class members were owed (and are still owed)" wages, it is "completely reasonable to assume waiting time penalties accrued to the thirty-day limit").

32. Plaintiff alleges that Amazon "willfully violated Labor Code sections 201-203 by failing to provide all owed wages to Plaintiff and formerly employed Class Members at separation from employment." Compl. ¶ 51.

33. According to the Complaint, "Plaintiff and Class Members" worked daily shifts of eight to ten hours. *See* Compl. ¶ 16.

34. At least 2,600 putative class members ended their employment with Amazon during the three-year waiting time statute of limitations period prior to June 14, 2023 (*i.e.*, at least 30 days prior to the filing of this Notice). *See* Rothenberger Decl. ¶ 3. Accordingly, assuming average daily shifts of eight hours as alleged by Plaintiff, the amount in controversy with respect to Plaintiff's waiting time penalties claim for these full-time employees would be at least **$8.1 Million**, calculated as follows:

| $13/hour (minimum wage in 2020) x 8 hours/day | $104 average daily rate |
| --- | --- |
| $104/day x 30 days | $3,120 per employee |
| Amount in Controversy ($3,120 x 2,600 employees) | **$8,112,000** |

35. The above is a conservative estimate because it (1) applies California's minimum wage as of May 2020, even though California has increased its minimum wage several times since that date and all non-exempt individuals employed by Amazon in its fulfillment centers and warehouses in California have been paid at all times an hourly rate of at least the applicable minimum wage, and (2) is limited to full-time employees.[3]

36. The amount-in-controversy figure set forth above is also underinclusive of the actual amount placed in controversy by Plaintiff's claims because it excludes any alleged recovery sought for Plaintiff's minimum wage (First Cause of Action), reporting time pay (Second Cause of Action), wage statement (Third Cause of Action), suitable seating (Fifth Cause of Action), and unfair business practices claims (Sixth Cause of Action), and attorneys' fees.

---

[3] California's minimum wage has been $15/hour since January 1, 2022.

37. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

### III. THE COURT HAS JURISDICTION AND REMOVAL IS PROPER

38. Based on the foregoing facts and allegations, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332 (d) because:

   a. This is a civil action which is a class action within the meaning of section 1332 (d)(1)(B);

   b. This action involves a putative class of at least 100 persons as required by section 1332 (d)(5)(B);

   c. The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by section 1332 (d)(2);

   d. At least one member of the putative class is a citizen of a state different from that of any defendant, as required by section 1332 (d)(2)(A).

Accordingly, this Action is properly removable under 28 U.S.C. §§ 1332 (d), 1441, 1446, and 1453.

39. The United States District Court for the Northern District of California is the federal judicial district in which the Alameda County Superior Court sits. This Action was originally filed in Alameda County Superior Court, rending removal to this federal judicial district proper. 28 U.S.C. §§ 84(c); 1441(a).

40. Pursuant to 28 U.S.C. § 1446 (a), true and correct copies of all pleadings, process, and orders in the state court file are attached to the Declaration of Lindsay Hutner, filed concurrently, as Exhibits A - H. For the Court's ease of reference, these documents consist of: the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice of Case Management Conference, (e) Notice of Complex Determination Hearing, (f) Notice of Case Rescheduling or Relocation, (g) Plaintiff's Proof of Service as to Amazon.com Services LLC, (h) Plaintiff's Proof of Service as to Amazon.com Inc. These

filings constitute the complete record of all records and proceedings in the state court available to Amazon.

41. Upon filing the Notice of Removal, Amazon will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Alameda County Superior Court, pursuant to 28 U.S.C. § 1446 (d).

WHEREFORE, the action is hereby removed in its entirety to this Court from the Superior Court of the State of California, County of Alameda.

DATED: July 20, 2023                    GREENBERG TRAURIG, LLP


By: */s/ Lindsay Hutner*
Lindsay Hutner

Attorneys for Defendants
AMAZON.COM, INC.; and AMAZON.COM SERVICES, LLC

ACTIVE 688851992v4